UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY, DISCOVER REINSURANCE COMPANY, and DISCOVERY MANAGERS, LTD., | : : : : : : | CIVIL ACTION NO. 3:01CV2018 (DJS) |
| Plaintiffs, VS. S.B. PHILLIPS COMPANY, INC., | : : : : | |
| Defendant. | : | JULY 19, 2004 |

## MOTION TO COMPEL PAYMENT OF EXPERT FEES AND FOR COSTS

Pursuant to Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure, plaintiffs respectfully submit this Motion to Compel defendant, S.B. Phillips Company, Inc., to pay John Lochner, plaintiffs' expert, for his fees associated with his deposition on April 28, 2003. In addition, plaintiffs seek to recover their costs incurred in filing this motion. Despite repeated requests for payment, as further set forth in the attached affidavit of Kathleen D. Monnes, defendant has refused to honor its obligation to pay for Mr. Lochner's fees. By contrast, plaintiffs have reimbursed defendant's expert for his time incurred in connection with his deposition.

**I.   FACTS**

On March 14, 2003, plaintiffs disclosed John Lochner as their expert in this case. (A copy of Mr. Lochner's Disclosure is attached to the Affidavit of Kathleen D. Monnes dated July 15, 2004 ("Monnes Aff.") as Exh. A.) On April 3, 2003, defendant noticed the deposition of Mr. Lochner for April 28, 2003. (Monnes Aff. at Exh. B.)

Mr. Lochner was deposed for several hours on April 28, 2003 in Hartford, Connecticut. Mr. Lochner also spent time preparing for and traveling to said deposition, and he incurred expenses associated with that travel.  He also subsequently spent time reviewing the deposition transcript.

On August 6, 2003, counsel for the defendant, Michael Berman, was sent Mr. Lochner's bill for his fees associated with that deposition, totaling $4,037. (Monnes Aff. at <u>Exh. C</u>.) From that date up to the present, counsel for the plaintiffs repeatedly contacted Mr. Berman, asking that he pay Mr. Lochner's bill.  Monnes Aff. at ¶ 9.  On May 24, 2004, counsel for the plaintiffs again wrote to Mr. Berman, enclosing another copy of the invoice.  (Monnes Aff. at <u>Exh. D</u>.)  On June 15, 2004, undersigned counsel again wrote to Mr. Berman asking for a response as to whether and when the bill would be paid.  (Monnes Aff. at <u>Exh. E</u>.)  On June 16, 2004, Mr. Berman responded that he had "forwarded the invoice for payment" and would "follow up." (Monnes Aff. at <u>Exh. F</u>.)  On July 8, 2004, undersigned counsel again wrote to Mr. Berman requesting payment.  (Monnes Aff. at <u>Exh. G</u>.)  Mr. Berman did not respond and to this date, payment has not been made to Mr. Lochner.

By contrast, plaintiffs' have paid the invoice submitted by defendant's expert, Richard Engelhugber, in the amount of $3,288.00.

**II.   ARGUMENT**

Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure states that "unless manifest injustice would result,… the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery." Fed. R. Civ. P. 26(b)(4)(C).  The Advisory Committee Notes to the 1993 Amendments state that "the expert's fees for the deposition will ordinarily be borne by the party taking the deposition."  The text of Rule

-2-

26(b)(4)(C), together with the Advisory Committee Notes, indicates that the party taking an expert deposition <u>must</u> pay all of the expert's fees, including requiring payment of travel time and related costs.  As this Court has stated, "the underlying purpose of Rule 26(b)(4)(C) is to compensate experts for their time spend participating in litigation and to prevent one party from unfairly obtaining the benefit of the opposing expert work free from cost." (citations omitted.) <u>Goldwater v. Postmaster General of the United States</u>, 136 F.R.D. 337, 339 (D. Conn. 1991).

It was the defendant's choice to depose plaintiffs' expert.  When it noticed Mr. Lochner's deposition, defendant implicitly agreed to reimburse him for all reasonable preparation, attendance and travel time and expenses.  This Court and numerous others have held the deposing party responsible for such costs.  <u>See, e.g.</u>,  <u>Long Term Capital Holdings v. U.S.</u>, No. 3:01CV1290 (JBA), 2003 U.S. Dist. LEXIS 13255 (D.Conn. May 23, 2003); <u>Jenkins v. General Motors Corp.</u>, No. 95-7886, 1996 U.S. App. LEXIS 18199 (2d Cir. July 22, 1996);  <u>Research Syst. Corp. v. Ipsos Publicite</u>, 276 F.3d 914, 920 (7th Cir. 2002); <u>Hockerson-Halberstadt, Inc. v. Propet USA, Inc.</u>, 62 Fed. Appx. 322 (Fed. Cir. 2003).

Further, as noted above, plaintiffs have paid the deposition expenses of defendants' expert, Richard Engelhuber, which totaled $3,288.  Reasonableness and equity require that the defendant be required to pay the reasonable fees of the plaintiffs' expert as well.

Finally, because this motion was made necessary by defendant's refusal to honor its obligations, plaintiffs are entitled to recover their costs incurred in filing this motion.[1]

---

[1] An attorneys fees affidavit will be submitted upon completion of the briefing.

### III. CONCLUSION

For all the foregoing reasons, plaintiffs respectfully request that this court compel the defendant to pay Mr. Lochner's fees associated with his April 2002 deposition, which total $4,037.

                              PLAINTIFFS and COUNTERCLAIM
                              DEFENDANTS

By: _____
      Thomas J. Groark (ct04245)
      *tjgroark@dbh.com*
      Michael P. Shea (ct19598)
      *mpshea@dbh.com*
      Kathleen D. Monnes (ct13433)
      *kdmonnes@dbh.com*
      Day, Berry & Howard LLP
      CityPlace I
      Hartford, Connecticut 06103-3499
      (860) 275-0100
      (860) 275-0343 facsimile

### CERTIFICATION

**I HEREBY CERTIFY THAT** a copy of the foregoing was mailed this 19th day of July, 2004, via first class mail, postage prepaid, to:

  Michael P. Berman, Esq.
  David R. Levesque, Esq.
  Robert Keepnews, Esq.
  Berman and Sable
  100 Pearl Street
  Hartford, Connecticut 06103.

  Phillip E. Reeves, Esq.
  Jennifer E. Johnson, Esq.
  Gallivan, White & Boyd, P.A.
  330 East Coffee Street
  P.O. Box 10589
  Greenville, SC  29603

                              _____
                              Kathleen D. Monnes